State *ex rel.* Samuel Mathews *et al. vs.* Eric Olson.

Submitted on briefs Oct. 3, 1893. Affirmed Oct. 24, 1893.

No. 8356.

**Refunding invalid tax paid by purchaser at tax sale.**

As the county commissioners are not the real parties in interest in a proceeding under the provisions of the general tax law, Laws 1881, ch. 10, § 21, amending 1878 G. S. ch. 11, § 148, any statements or admissions made by them upon the presentation of the petition therein provided for, as to the facts therein alleged, cannot affect or bind the state.

**Same—Practice on mandamus to compel refundment.**

Where an information on which is based an application for an alternative writ of mandamus to compel a board of county commissioners to make the certificate prescribed in said section 148 fails to state that said board has inquired into the truth of the facts alleged in said petition, or to state the result of such inquiry, or to state that said board has refused to make the inquiry provided for, the application must be denied.

Appeal by relators, Samuel Mathews and Peter Jourdain, from an order of the District Court of Kanabec County, *F. M. Crosby*, J., made April 4, 1893, denying their application for an alternative Writ of Mandamus.

On March 27, 1893, the relators presented their petition to the Board of County Commissioners of Kanabec County, stating that at a sale of lands made by the County Auditor of that County in 1881 for nonpayment of delinquent taxes for 1879 and prior years, they bid and became the purchasers of certain described pieces of land and received certificates of purchase thereof and paid into the County Treasury therefor certain specified sums of money. That they never had possession of any of the lands so sold. That the sales and the tax judgment under which they were made were void, because the Court rendering the judgment never had jurisdiction, and that it had been since so adjudged. They offered to surrender the certificates and asked that the money paid by them at the sale and subsequently for later taxes on the lands be refunded, with interest at the rate of ten per cent. a year. The Board took no action in the matter but in the discussion orally admitted that the facts were fully and fairly stated in the petition.

On March 30, 1893, Mathews and Jourdain presented their relation to the District Court stating that they had petitioned the Board and that it admitted the facts were fully and fairly stated in the petition, but that the Board refused to certify that such petition fully and fairly stated the facts affecting the sale under which the certificates were issued and stating that the Board refused to issue any certificate in reference thereto. The relation failed to state that the Board had inquired, or had been requested to inquire, or had refused to inquire, or to certify to the State Auditor, that it had made inquiry into the truth of the facts alleged in the petition and was satisfied that all the facts were fully and fairly stated therein. They prayed that Court to issue its alternative Writ of Mandamus commanding Eric Olson and the other members of the Board to forthwith make a certificate, as provided by Laws 1881, ch. 10, § 21, or show cause before the Court at a time to be specified in the Writ why they refuse so to do.

The Court refused to grant the Writ, and from the order refusing it, the relators appeal.

*J. C. Nethaway,* for appellants.

The only duty the commissioners have to perform is to examine into the truth of the facts alleged in the petition and if it be found that it fully and fairly states all the facts, they should so certify to the State Auditor. The petition presented to the Court below alleges that upon presentation of said petition to the Board, the members thereof stated to the relators that the facts were fully and fairly stated in said petition and were true, but in the face of this admission they refused, after demand, to give relators any certificate as required by Laws 1881, ch. 10, § 21. This act has been sustained in *State ex rel.* v. *Dressel,* 38 Minn. 90.

The relators are placed in a peculiar predicament. They have paid the taxes on the lands for the owners, the County has had the benefit of the payment. The original owners remain silent, knowing that this Court has declared relators' tax title invalid. The Legislature has given relators a remedy and it is unjust that an obstinate Board of County Commissioners should sit by and clog further progress.

When relators purchased the certificates, Laws 1881, ch. 10, was in force and became part of their contract with the County. *Fleming* v. *Roverud,* 30 Minn. 273; *State ex rel.* v. *Foley,* 30 Minn. 350; *Covell* v. *Young,* 11 Neb. 510; *McCann* v. *Merriam,* 11 Neb. 241.

*J. C. Pope, H. W. Childs* and *George B. Edgerton,* for respondents.

If valuable timber was in fact removed from the lands equal in value to the amount paid by the relators, their right to repayment was thereby defeated. Laws 1889, ch. 2, § 21. The petition should have recited that no such timber had been removed, or if otherwise, the amount and value thereof should have been stated.

The law implies that the Commissioners shall be furnished with the proper evidence of the relators' rights. They are not called upon to hunt up the evidence of the facts. *Corbin* v. *Morrow,* 46 Minn. 522. They are not restricted to an examination as to the truth of the facts alleged in the petition. They are bound to inquire into the fullness of the statement of facts and their duty is not performed until they shall have made proper investigation. It

should appear affirmatively in the moving papers that such investigation was made, and that thereupon the Board of County Commissioners determined by official and final action that the facts were fully and fairly stated.

COLLINS, J.   The information on which the relators in this action based their application for an alternative writ of mandamus was insufficient and defective in at least one very material respect.   It failed to state that the board of county commissioners had inquired into the truth of the facts alleged in the petition presented by the relators under the provisions of section 148 of the general tax law, found in Laws 1881, ch. 10, § 21; and of course it failed to state the result of such an inquiry, nor was it alleged in the information that the board had refused to make an inquiry.

Section 148 provides that upon the presentation of a petition setting forth the facts claimed to invalidate a tax certificate the Commissioners shall inquire into the truth of the facts alleged, and, if satisfied that all of the facts affecting the case are fully and fairly stated, they shall make the certificate which the relators are attempting to obtain through the present proceeding.   The only allegations found in the information relating to the action of the Commissioners are that when the petition was presented they "stated to the relators that the facts were fully and fairly stated in said petition, and were true, but the said County Commissioners, after demand duly made by your relators, refused to certify, * * * and still do refuse to so certify."

The statements or admissions set forth in the information as having been made when the relators presented their petition were wholly immaterial, for the state cannot be affected or bound by any statements or admissions of this character, made by the County Commissioners.   They are not the real parties in interest in an attempt to secure the refunding of money paid for tax certificates.   The statute expressly provides for an investigation by the Commissioners into the truth or falsity of the alleged facts, and, further, that when satisfied that all of the facts affecting the case have been fully and fairly stated in the petition, the certificate shall be made by the Commissioners.   As before stated, the information failed to allege

that the Commissioners had performed, or had refused to perform, the duty imposed by statute, and hence the court below was justified in denying relators' application.

Order affirmed.

(Opinion published 56 N. W. Rep. 585.)